IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| -M- ENTERTAINMENT & CONSULTANT SERVICE, INC., | §<br>§<br>§ | |
| *Plaintiff,* | §<br>§ | |
| v. | §<br>§ | Civil Action No. |
| LOC MARKETING, LLC;<br>LAMONT WANZER;<br>DONTAY JACKSON;<br>ANN VO d/b/a V LIVE HOUSTON;<br>AYVA CENTER, LLC; and<br>WONGSON INVESTMENT CO. | §<br>§<br>§<br>§<br>§<br>§<br>§ | |
| *Defendants.* | §<br>§ | |

## COMPLAINT

Plaintiff -M- ENTERTAINMENT & CONSULTANT SERVICE, INC. ("Plaintiff") files

this Complaint against LOC MARKETING, LLC; LAMONT WANZER; DONTAY JACKSON;

ANN VO d/b/a V LIVE HOUSTON; AYVA CENTER, LLC; and WONGSON INVESTMENT

CO. (collectively "Defendants"):

## INTRODUCTION

1.      Since June 1986, Plaintiff, by itself and through predecessors, has operated a

well-known and respected adult entertainment club called Magic City in Atlanta, Georgia.  In

connection therewith, Plaintiff owns the federally registered trademarks MAGIC CITY (U.S.

Reg. No. 1,852,679) and MAGIC CITY & Design (U.S. Reg. No. 3,940,609) (collectively the

"Marks"). (Exs. A, B).  The Marks are recognized nationally as exclusively denoting Plaintiff's

adult entertainment club services.

2.      Leading up to and during the week/weekend of the NBA All-Star Game in Houston, Texas, from approximately February 13, 2013 to February 21, 2013, and possibly continuing into the foreseeable future, Defendants operated, and are on information and belief continuing to operate, an adult entertainment club or facility in Houston, Texas by infringing on the Marks and using the assumed name "Magic City" or "Magic City of Houston" or similar terms.  Plaintiff accordingly seeks damages for Defendants' willful and illegal infringement of its intellectual property rights.  Plaintiff reserves the right to seek injunctive relief in the event Defendants' use of the mark continues.

## PARTIES

3.      Plaintiff is a corporation organized under the laws of the State of Georgia with its principal office located at 4919 Flat Shoals Parkway, PMB 173, Decatur, DeKalb County, Georgia 30034.

4.      Defendant, LOC MARKETING, LLC ("LOC"), is a Maryland limited liability company doing business in Harris County, Texas.  However, LOC does not maintain a regular place of business in this state or a designated agent for service of process.  As a result, the Secretary of State of Texas is LOC's agent for service of process.  Service may be accomplished by serving duplicate copies of process to the Secretary of State of Texas.  The Secretary of State may discharge its obligation to notify LOC of service by mailing process to LOC's home office at 14625 Baltimore Ave., Suite 126, Laurel, Maryland 20707.  It may also be served at its office located at 1328 U Street, N.W., Suite 3W, Washington, D.C. 20009.  Service is requested.

5.      Defendant, LAMONT WANZER ("WANZER"), is an individual doing business in Harris County, Texas.  However, WANZER is not a citizen of Texas and does not maintain a residence or regular place of business in this state.  As a result, the Secretary of State of Texas is

WANZER's agent for service of process. Service may be accomplished by serving duplicate copies of process to the Secretary of State of Texas. The Secretary of State may discharge its obligation to notify WANZER of service by mailing process to WANZER at 14625 Baltimore Ave., Suite 126, Laurel, Maryland 20707. WANZER may also be located at 1328 U Street, N.W., Suite 3W, Washington, D.C. 20009. Service is requested.

6.      Defendant DONTAY JACKSON ("JACKSON"), who also uses the assumed name "Richlife," is an individual who resides at 7111 Centre Grove Ct., Houston, Harris County, Texas 77069. Service is requested.

7.      Defendant ANN VO d/b/a V LIVE HOUSTON can be served with process at 9371 Richmond Ave., Houston, Texas 77063. Service is requested.

8.      Defendant, AYVA CENTER, LLC ("AYVA"), is a Texas limited liability company doing business in Harris County, Texas. Service may be accomplished by serving duplicate copies of process on its designated agent for service of process, Ann Vo, 9371 Richmond Ave., Houston, Texas 77063. Service is requested.

9.      Defendant, WONGSON INVESTMENT CO. ("WONGSON"), is a Texas corporation. Service may be accomplished by serving duplicate copies of process on its designated agent for service of process, Mr. Simon Wong, 9275 Richmond Ave., Suite 201, Houston, Texas 77063-3949. Service is requested.

## JURISDICTION AND VENUE

10.      The Court has original jurisdiction over Plaintiff's federal trademark claims under 15 U.S.C. § 1121.

11.      The Court has personal jurisdiction over Defendants because they each either reside in Texas or conduct business in Texas.

12.     Venue is proper because Defendants JACKSON, VO, AYVA, AND WONGSON reside in Harris County, Texas, have their principal place of business in Harris County, and the events or omissions predicating Plaintiff's claims occurred in Harris County.   28 U.S.C. § 1391(b)(1), (2).

## FACTS COMMON TO ALL COUNTS

13.     Since at least as early as June 9, 1986, Plaintiff, by itself and through its predecessors, has used the mark MAGIC CITY in connection with adult entertainment services, night club services, and related goods and services in connection with an adult entertainment club located in Atlanta, Georgia, known as MAGIC CITY.

14.     Plaintiff has invested significant time, money and effort advertising and promoting its MAGIC CITY Marks and the goods and services sold under the Marks, and has developed substantial and valuable good will therein.   As a result of Plaintiff's extensive advertising and use of the MAGIC CITY Marks, consumers uniquely associate the MAGIC CITY Marks with Plaintiff.

15.     The trademarks MAGIC CITY and MAGIC CITY & Design are registered on the Principal Register in the United States Patent and Trademark Office, respectively, under Registration No. 1,852,679 issued on September 6, 1994, and Registration No. 3,940,609 issued on April 5, 2011.  These registrations are owned by Plaintiff and are valid and subsisting and have been used continuously by Plaintiff since the dates of first use asserted in the respective registrations.  Plaintiff's right to use the MAGIC CITY trademark has become incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065 and Registration No. 1,852,679 constitutes conclusive evidence of Plaintiff's exclusive right to use the MAGIC CITY mark in

commerce for the services specified in said registration pursuant to 15 U.S.C. §§ 1065 and 1115(b).

16.     **Exhibit A** hereto is a true and correct copy of the particulars of Registration No. 1,852,679 for the mark MAGIC CITY as printed from the United States Patent & Trademark Office's electronic Trademark Status and Document Retrieval system (TSDR).

17.     **Exhibit B** hereto is a true and correct copy of the particulars of Registration No. 3,940,609 for the mark MAGIC CITY & Design as printed from the United States Patent & Trademark Office's electronic Trademark Status and Document Retrieval system (TSDR).

18.     Recently, Plaintiff learned that Defendants have used the substantially identical term "Magic City" as the name for their own adult entertainment club services or events in Houston, Texas.

19.     **Exhibit C** hereto is a true and correct copy of a lease agreement entered into between Defendants ANN VO, JACKSON, and LOC for use of the venue at 9275 Richmond, Houston, Texas, which is known as the "V LIVE Lounge."

20.     **Exhibit D** hereto contains true and correct copies of photos of the signage used by Defendants in Houston during, at least, the NBA All-Star Weekend, showing their unauthorized use of the name "Magic City."

21.     **Exhibit E** hereto is a true and correct copy of flyers published by Defendants promoting the name "Magic City", which further shows Defendants' unauthorized use of the MAGIC CITY Mark.

22.     Plaintiff and Defendants have no affiliation whatsoever, Defendants have never requested Plaintiff's permission to use the term "MAGIC CITY" to describe any product or service offered by Defendants, and Plaintiff has not licensed the Marks or either of them to

Defendants.

23.    Defendants' infringing use of the term "Magic City" was with full knowledge of Plaintiff's prior use of, and rights in, the Marks.

24.    On information and belief, Defendants have used the term "Magic City" to promote their club and services *because of* the good will and fame Plaintiff has created for the Marks.  For example, Plaintiff's MAGIC CITY club is featured in well-known hip hop and rap songs by artists such as Outkast, Jay-Z, Ludacris, Gucci Mane, Bow Wow, 2 Live Crew, Wyclef Jean, Young Jeezy, Jadakiss and the Ying Yang Twins.

25.    On information and belief, Defendants have used the "Magic City" name to trade on Plaintiff's good will and to mislead patrons into believing they are frequenting a club owned, sponsored by, or affiliated with, the MAGIC CITY referenced in popular music when, in fact, they are visiting an unaffiliated Houston club or event.

26.    Confusion between Plaintiff and Defendants created by Defendants' use of the "Magic City" name damages Plaintiff's good will.  Upon information and belief, Defendants' misappropriation of the "Magic City" name has caused actual confusion to consumers.

## COUNT ONE
## TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1114

27.    Plaintiff repeats and realleges the allegations of Paragraphs 1-26 above as if fully set forth herein.

28.    Defendants' use of the words "Magic City" infringes Plaintiff's federally registered trademarks in the words MAGIC CITY and in MAGIC CITY & Design because:

(a)    "Magic City" is identical to the MAGIC CITY Mark and is substantially identical to the MAGIC CITY & Design Mark;

(b)     Defendants use the words "Magic City" in the same line of commerce as Plaintiff uses its MAGIC CITY Marks, *i.e.,* adult entertainment services; night club services; and

(c)     Defendants' use of the words "Magic City" on information and belief has caused actual confusion and led third parties to believe incorrectly that Defendant is affiliated with Plaintiff.

29.     Defendants are liable to Plaintiff for trademark infringement under 15 U.S.C. §§ 1114 and 1117 in an amount of damages to be proved at trial, but generally equal to:

(a)     Defendants' profits;

(b)     any damages sustained by Plaintiff; and

(c)     the costs of the action including reasonable attorneys' fees.

30.     Defendants' trademark violation is willful and the law entitles Plaintiff to an award of treble damages and reasonable attorney fees incurred bringing this action.

## COUNT TWO
## FALSE DESIGNATION OF ORIGIN
## 15 U.S.C. § 1125

31.     Plaintiff repeats and realleges the allegations of Paragraphs 1-30 above as if fully set forth herein.

32.     Defendants' conduct constitutes false designation of origin under 15 U.S.C. § 1125(a) because their use of the name "Magic City" to promote the Houston club and events:

(a)     is likely to cause confusion or mistake respecting the affiliation, connection or association of Defendants with Plaintiff, or as to the origin, sponsorship or approval of Defendants' goods, services or commercial activities; or

    (b)     misrepresents the nature, characteristics, qualities or geographic origin of Defendants' goods, services, or commercial activities,

33.    Defendant is liable to Plaintiff for false designation of origin under 15 U.S.C. § 1125(a) in an amount of damages to be proved at trial, but generally equal to:

    (a)     Defendants' profits;

    (b)     any damages sustained by Plaintiff; and

    (c)     the costs of the action including reasonable attorneys' fees.

34.    Because Defendants' false designation of origin is willful, the law entitles Plaintiff to an award of treble damages and reasonable attorney fees incurred bringing this action.

**COUNT THREE**
**TRADEMARK DILUTION BY TARNISHMENT**
**15 U.S.C. § 1125(c)**

35.    Plaintiff repeats and realleges the allegations of Paragraphs 1-34 above as if fully set forth herein.

36.    The Marks are famous and well known nationally and internationally, as evidenced in part by references to Plaintiff's club in well-known hip hop and rap songs.

37.    As noted above, Defendants' use of the name "Magic City" is identical to the Marks.

38.    The similarity of Defendants' trademark and assumed name to the Marks harms the reputation of the famous Marks.

39.    Defendants' actions tarnish the Marks, and Defendants are liable to Plaintiff for trademark dilution by tarnishment under 15 U.S.C. § 1125(c) in an amount of damages to be proved at trial, but equal to:

(a)    Defendants' profits;

(b)    any damages sustained by Plaintiff; and

(c)    the costs of the action including reasonable attorney fees.

40.    Because Defendants' trademark violation is willful, the law entitles Plaintiff to an award of treble damages and reasonable attorney fees incurred bringing this action.

### COUNT FOUR
### PERMANENT INJUNCTIVE RELIEF
### 15 U.S.C. §§ 1116, 1125(C)

41.    Plaintiff repeats and realleges the allegations of Paragraphs 1-40 above as if fully set forth herein.

42.    The Lanham Act, 15 U.S.C. §§ 1116 and 1125, provides injunctive relief for trademark infringement such as Defendants' unauthorized use of the words "Magic City" as a trademark and trade name.

43.    Plaintiff is substantially likely to succeed on its infringement claims.

44.    Defendants' continuing infringement of Plaintiff's intellectual property rights in the Marks, if not enjoined, will result in imminent and irreparable injury to Plaintiff.

45.    The threatened injury to Plaintiff as outlined in this Complaint due to the dilution and impairment of the Marks outweighs any damage an injunction may cause Defendants; moreover, any alleged harm from forcing Defendants to stop infringing the Marks is not legally cognizable.

46.    The public interest will be served by granting the injunction because trademark infringement is inherently contrary to the public interest.

## COUNT FIVE
## AWARD OF ATTORNEY'S FEES AND LITIGATION COSTS
## 15 U.S.C. §§ 1117(a)

47.     Plaintiff repeats and realleges the allegations of Paragraphs 1-46 above as if fully set forth herein.

48.     Plaintiff is entitled to an award of reasonable attorney fees under 15 U.S.C. § 1117(a), and (b).

## JURY DEMAND

49.     Plaintiff demands a jury.

## PRAYER

WHEREFORE, Plaintiff prays that:

(a)     Defendants, their agents, servants, employees, attorneys and all others in active concert or participation with them, be permanently enjoined, and preliminarily enjoined during the pendency of this action, if necessary, from:

      (1)     Using the words "Magic City" or any confusingly similar words, or any colorable imitation thereof in connection with any night club or adult entertainment club and the advertising, promoting and marketing thereof in any medium whatsoever;

      (2)     Using the words "Magic City" or any confusingly similar words, or any colorable imitation thereof to conduct, advertise or promote any business, either alone or as part of any business name, trade name, fictious name, trademark, domain name or username in any medium; and

(3)    Doing any other act or thing likely to confuse, mislead, or deceive others into believing that Defendants or their products or services emanate from, or are connected with, sponsored by or approved by Plaintiff.

(b)    The Court order Defendants to provide an accounting to determine all profits resulting from their activities associated with "Magic City" and that all such profits be paid to Plaintiff;

(c)    The Court require Defendants to pay to Plaintiff:

(1)    In accordance with 15 U.S.C. § 1117(a), an award equal to three times Plaintiff's actual damages together with all profits resulting from sales by Defendants relating to their aforesaid trademark infringement; and

(2)    Plaintiff's reasonable attorney fees and costs of this action;

(d)    The Court order Defendants, pursuant to 15 U.S.C. § 1118, to deliver to Plaintiff for destruction all physical items in Defendants' possession or control bearing the words "Magic City"; and

(e)    Plaintiff recover such other and further relief as the Court deems just, equitable and appropriate.

Respectfully submitted,

/s/ Kevin D. Jewell
Kevin D. Jewell
Texas Bar No. 00787769
Attorney in Charge

- 11 -

OF COUNSEL:

CHAMBERLAIN, HRDLICKA, WHITE,
WILLIAMS & AUGHTRY
Charles T. Jeremiah
1200 Smith Street, 14th Floor
Houston, Texas 77002
(713) 658-1818 - Telephone
(713) 658-2553 – Facsimile