```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF TEXAS
                           HOUSTON DIVISION

-M- ENTERTAINMENT & CONSULTANT    §
SERVICE, INC.,                    §
                                  §
            Plaintiff,            §
                                  §
VS.                               §   CIVIL ACTION NO. H-13-0952
                                  §
LOC MARKETING, LLC; LAMONT        §
WANZER; DONTAY JACKSON; ANN VO    §
d/b/a LIVE HOUSTON; AYVA CENTER,  §
LLC; AND WONGSON INVESTMENT CO.,  §
                                  §
            Defendants.           §
```

OPINION AND ORDER

Pending before the Court in the above referenced cause for infringement of federally registered trademarks,[1] false designation of origin, and trademark dilution is Plaintiff -M- Entertainment & Consultant Service, Inc.'s request for entry of default and request for entry of default judgment under Federal Rule of Civil Procedure 55 against Defendants LOC Marketing, LLC, Lamont Wanzer, and Dontay Jackson (instrument #14).[2]

While Plaintiff has shown that it is entitled to entry of default against these three Defendants, Plaintiff's complaint does not state whether Defendants are jointly and severally liable, explain why it seeks a final default judgment against three

---

[1] MAGIC CITY (U.S. Reg. No. 1,852,679) and MAGIC CITY & Design (U.S. Reg. No. 3,940,609).

[2] The Court observes that Anna Vo (#5) and the Ayva Center, LLC (#6) have filed responses.

-1-

Defendants while claims are still pending against two others, does not show the Court why there is no just reason for delay for purposes of Federal Rule of Civil Procedure 54(b), does not provide a sum certain in damages nor demonstrate how one can be computed nor request a hearing to determine such, and fails to submit adequate documentation supporting the claim for attorneys' fees, which would also relate to legal services against the two remaining defendants if Plaintiff prevails against them.

Where defendants are jointly and severally liable and a default judgment is sought against fewer than all, "default judgments should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." *In re First T.D. & Investment, Inc.*, 253 F.3d 520, 532 (9th Cir. 2001), *citing Frow v. De La Vega*, 15 Wall. 552, 82 U.S. 552, 1872 WL 15275 (1872)("[A] final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal."). "[W]hen defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits," given the prohibition against logically inconsistent judgments. *See also Centimark Corp. v. A to Z Coatings & Sons, Inc.*, No. 08-10359, 2007 WL 44557247, at *2 (M.D. Fla. Dec. 21, 2007), *aff'd*, 288 Fed. Appx. 610 (11th Cir. 2008)("This prohibition against logically inconsistent judgments

does not apply only to cases where liability is deemed to be joint. In this circuit, it is 'sound policy' that when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits."  If Plaintiff thinks that injunctive relief is immediately necessary, it can move for a preliminary injunction, but the Court notes that it has waited nearly a year after the three defaulted to file the instant motion.

Accordingly, the Court

ORDERS that Plaintiff's request for entry of default against Defendants LOC Marketing, LLC, Lamont Wanzer, and Dontay Jackson is GRANTED, but its motion for entry of default judgment is currently DENIED without prejudice.

**SIGNED** at Houston, Texas, this  24th  day of  March , 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE